[727 NYS2d 648]

In the Matter of ROBERT I. DELLAQUILA (Admitted as ROBERT I. DELL'AQUILA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 9, 2001

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court dated January 26, 2001,

the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest in that he failed to answer complaints of professional misconduct and there is uncontroverted evidence of professional misconduct against him. In the course of that order, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent, the respondent was directed to serve and file an answer within 10 days after service upon him of a copy of the order with notice of entry, and the matter was referred to a Special Referee, to hear and report.

The respondent was personally served with the petition on February 16, 2001. The petitioner has submitted an admission of service by the respondent bearing that date. The petition contains seven separate charges of professional misconduct, including failure to cooperate with the petitioner, failure to file a record of conviction with the Appellate Division pursuant to Judiciary Law § 90 (4) (c), failure to properly maintain his attorney registration, failure to properly identify his attorney escrow account, and breach of his fiduciary duty to maintain a duly-constituted escrow account.

Notwithstanding the directive in the order dated January 26, 2001, the respondent did not submit an answer within 10 days. Accordingly, the petitioner asks that the respondent be adjudicated in default. Although the respondent admitted service of the motion on March 14, 2001, he has not proffered any reply.

Under the circumstances, the petitioner's motion is granted, the charges in the petition are deemed admitted, and the respondent is disbarred upon his default in responding.

BRACKEN, P. J., O'BRIEN, SANTUCCI, ALTMAN and McGINITY, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert I. Dellaquila, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Robert I. Dellaquila is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.